489 P.2d 52

Forrest D. AIKINS, Petitioner,

v.

SUPERIOR COURT of the State of Arizona,
IN AND FOR the COUNTY OF MARI-
COPA, et al., Respondents.

No. I CA–CIV 1800.

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 5, 1971.

Flynn, Kimmerer, Thinnes & Galbraith, by John J. Flynn, and Thomas A. Thinnes, Phoenix, for petitioner.

Moise Berger, Maricopa County Atty., by William F. Bennett, Deputy County Atty., for respondent Berger.

STEVENS, Presiding Judge.

This Court entertained the above special action to review the post-conviction orders of the respondent judge The Honorable Marilyn A. Riddel. The orders, first, revoked the petitioner's release on bond and, second, declined to readmit the petitioner to bond pending his appeal.

In Maricopa County Superior Court criminal cause number 61173, after a trial in which the respondent judge presided, the petitioner herein, the defendant in said trial, was adjudged guilty and sentenced to the Arizona State Prison. A prompt application was made for a certificate of probable cause pursuant to Rule 354 of the Rules of Criminal Procedure, 17 A.R.S. The application was favorably considered, the certificate of probable cause was issued, the amount of the bond was fixed, the bond was posted and on 6 August 1970 the petitioner was released pending his appeal. The appeal is pending in the Court of Appeals and has been assigned this Court's cause number 1 CA–CR 345.

In the order of 6 August 1970 releasing the petitioner the respondent judge fixed two conditions, as follows:

"* * * that Mr. Aikins (1) obey all State, Federal and Municipal laws and ordinances and (2) that he not leave the jurisdiction of this Court without prior approval of the Court."

Both the petitioner and his attorney Mr. John J. Flynn were personally present in open court at the time of the entry of the above order. Immediately thereafter prompt and expeditious steps were taken to secure the petitioner's release pending his appeal.

On 7 July 1971, the respondent county attorney filed an application for revocation of the release on bond pending appeal urging that the petitioner had violated the terms and conditions of his appeal bond by leaving the jurisdiction of the court " * * * without prior approval of the Court." In support of the application for revocation a formal stipulation was signed by petitioner and his counsel in which the following facts were stated:

> "It is further agreed upon and stipulated that without prior approval of the Court, in September, 1970, the Defendant was in Canada and Alaska; that on February 12, 1971, the Defendant was in Colorado, and that in March, 1971, the Defendant was in Mexico, all of the above named locations being outside the jurisdiction of the Superior Court of Maricopa County, State of Arizona."

The revocation hearing was held on 7 September 1971 and culminated in an order by the respondent judge revoking the petitioner's bail, exonerating his bond and remanding the petitioner to the custody of the sheriff. An application for readmission to bail pending appeal was filed and heard on the same day. It was urged that a "proper excuse" for the petitioner's default had been shown pursuant to Rule 358 of the Arizona Rules of Criminal Procedure, 17 A.R.S., and that petitioner was entitled to have his bail reinstated. In ruling adversely to this argument, the respondent judge stated:

> "In that regard, the Court finds that there has been no showing of a proper excuse for the default and therefore the application will be denied."

The special action which gives rise to this opinion was filed on 9 September 1971, two days after the issuance of the above finding.

The petition for special action stated as grounds in support of such application that the respondent judge (1) acted without or in excess of jurisdiction, (2) acted arbitrarily and capriciously and abused her discretion, and (3) failed to perform a duty required by law as to which she had no discretion.

This Court will rule on the above contentions in the order in which they have been presented.

(1) Petitioner's argument that the respondent judge acted without or in excess of her jurisdiction is based upon a legal analysis with which the Court cannot agree. The argument is twofold. The first proposition is that A.R.S. § 13–1577, subsec. F specifically required the court to inform the person released on bail of " * * * the penalties applicable to violation of the conditions of his release * * *" and " * * * shall advise him that a warrant for his arrest may be issued immediately upon any such violation of the conditions of his release." It is urged that the failure of the respondent judge to do so was a failure by the trial court to perform a duty required by law as to which the trial court had no discretion. The second phase of petitioner's initial argument is of similar import and to the effect that A.R.S. § 13–1578 authorizes a superior court judge to revoke a defendant's bail only upon a finding of probable cause that the defendant committed a felony during the period of his release. It is clear that the revocation was based solely upon his absence from the State of Arizona. Under these facts the petitioner urges that revocation of bail was an act in excess of the jurisdiction of the respondent judge being outside of the statutory mandate.

A.R.S. §§ 13–1577 and 13–1578 were enacted as a portion of Chapter 129, Session Laws of 1969. Our examination of these sections convinces this Court that they relate only to bail before trial. This

opinion is reenforced by a reading of the entire Chapter.

■ We do not hold that the second condition set forth in the 6 August 1970 order was unreasonable or unenforceable. We hold that the respondent judge had the necessary jurisdiction to entertain the petition of the county attorney and to terminate the petitioner's release on bond.

■ (2) The question as to whether the respondent acted arbitrarily or capriciously in revoking the petitioner's privilege of bail and in denying petitioner's application for readmission to bail pending appeal can best be answered by a review of the basis for the respondent judge's 1971 orders, and the testimony presented at the hearing.

The evidence adduced at the revocation hearing is uncontradicted that prior to each departure from Arizona the petitioner first consulted Mr. Flynn and the surety on his bond. He also consulted the attorney who represented him in civil matters. Mr. Flynn was frank to admit that he didn't fully realize he was to first obtain an order of the Court before each departure. He also testified that he relied upon his previous experience that bondsmen were the ones to whom requests were usually made for a defendant's permission to leave the jurisdiction. Rule 53 of the Arizona Rules of Criminal Procedure, 17 A.R.S., relates to bail pending appeals. One of the conditions thereof is that the defendant-appellant " * * * will not depart without leave." The bail bond here in question recites that the defendant-appellant " * * * will not depart from the jurisdiction of said Court without leave first had and obtained." It is without contradiction that Rule 53 and this standard bond provision have been interpreted to require, not permission of the Court, but permission of surety. The departure to Mexico was the traversing of that portion of the highway between Phoenix and San Diego which briefly passes into Mexico.

The petitioner's record of court appearances in all phases of the criminal cause in question has been without fault. All of the evidence presented at the hearing shows that the defendant did not intentionally violate the terms of the Court's order; in fact it shows that defendant sought approval to leave on each occasion by going to his attorney and bail bondsman, giving the reasons for his wanting to leave.

We hold that under the circumstances the petitioner's absence from Arizona was not a knowing or wilful violation of the order of the respondent judge and that the order revoking the petitioner's bond was an abuse of discretion. We caution that similar orders by trial courts are not to be taken lightly. The Bar and their clients will observe them. Each case will be decided on its own individual merits.

Arizona Rule of Criminal Procedure 358 provides that:

"When a defendant released on bail as provided in Rule 356 or 357 has made default, he may be again admitted to bail in the same action only upon showing a proper excuse for the default."

Holding as we have in this instance that there was an abuse of discretion in revoking the bond we find an abuse of discretion in not favorably entertaining the Rule 358 application.

Shortly after the informal presentation of the special action this Court entered its order assuming jurisdiction of the special action. The order recited:

"It is further ordered that the Respondent Judge enter an appropriate order permitting the petitioner to again be released on bond. This Court does not specify the amount of the bond or the terms and conditions of the order of release."

The above order of this Court is reaffirmed.

Relief is granted as heretofore directed.

CASE and DONOFRIO, JJ., concur.